**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA 57501-2463**

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

August 22, 2005

Laura L. Kulm Ask, Esq.
Counsel for Debtor
Post Office Box 966
Sioux Falls, South Dakota  57101

Jason W. Shanks, Esq.
Counsel for Fin-Ag, Inc.
Post Office Box 88738
Sioux Falls, South Dakota

Jonathan K. Van Patten, Esq.
Counsel for Fin-Ag, Inc.
Post Office Box 471
Vermillion, South Dakota  57069

   Subject: *In re Berwald Partnership*,
        Chapter 11, Bankr. No. 04-10273

Dear Counsel:

  The matter before the Court is the Application for Compensation and/or Reimbursement for Costs, Expenses, and Attorney's Fees filed by Fin-Ag, Inc., the objection to the Application filed by Debtor, and Fin-Ag, Inc.'s subsequent request that its Application be deemed timely filed. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying Order shall constitute the Court's interim decision regarding the timeliness of Fin-Ag, Inc.'s Application.

  *Summary*. On May 31, 2005, Debtor filed an objection to Fin-Ag's proof of claim.[1] In part, Debtor objected to the

---

  [1] The mailing list of creditor's prepared by Debtor identified this creditor as CHS Fin-Ag, and the docketing system carried over that name when the creditor's proof of claim was filed. The proof of claim, however, lists the creditor's name as Fin-Ag, Inc. That is also the name used by the creditor in its pleadings.

In re Berwald Partnership
August 22, 2005
Page 2

reasonableness of the attorneys' fees and expenses that Fin-Ag had included in its claim:

> 8) This claim also includes unreasonable amounts in attorney's fees. This creditor's attorneys have sent detailed itemizations showing a total in fees and costs of $45,598.85. In addition, this creditor has submitted a billing itemization showing a total of $52,860.49 in legal fees that have been added to this claim.
>
> 9) In addition, this claims [sic] includes amounts billed for representatives that are not attorneys. Only certified paralegals can be billed out in bankruptcy matters. All other charges have not been determined to be reasonable to add them to this claim.
>
> 10) Furthermore, this creditor's claim includes attorney's fees of which Debtor did not approve to be included in this claim and of which the creditor did not file an application under Rule 2016(a), to be compensated for by Debtor. In accordance with Bankruptcy Rule 2016(a) any entity seeking final compensation for services or reimbursement of necessary expenses, from the estate, shall file an application for such. The time period for said filing has expired and this creditor has failed to file an application in accordance with the bankruptcy rules. Therefore, the amount listed in this claim for attorney's fees should be disallowed totally.
>
> 11) This creditor's claim includes reimbursement for what it claims as necessary expenses, of which Debtor did not approve to be included in this claim and of which the creditor did not file an application for under Bankruptcy Rule 2016(a), to be compensated for by Debtor. Therefore, the amount listed in this claim for reimbursement of expenses should be disallowed totally.

On July 5, 2005, Fin-Ag responded by filing an Application for Compensation and/or Reimbursement for Costs, Expenses, and Attorney's Fees ("Application"), which included an itemization of the services rendered and expenses incurred by their attorneys, Jason W. Shanks and Jonathan K. Van Patten, and an investigator, Jerry Derr.

In re Berwald Partnership
August 22, 2005
Page 3


While the Application was pending, the first hearing on Debtor's objection to Fin-Ag's proof of claim was held. The hearing was continued to August 23, 2005, to allow a possible settlement.

On August 1, 2005, Debtor filed an objection to the Application. Debtor again argued that Fin-Ag was required to file an application for fees under Fed.R.Bankr.P. 2016. It further argued that the deadline for filing an administrative expense in this case was May 18, 2005, and that Fin-Ag had missed that deadline. Debtor also again argued that the fees requested in the Application were not reasonable.

In apparent response to Debtor's argument that its Application was not timely, on August 12, 2005, Fin-Ag filed a Motion for Enlargement of Time to File Fin-Ag's Application for Compensation and/or Reimbursement for Costs, Expenses, and Attorney's Fees. Therein, Fin-Ag asked that its Application be considered regardless of timeliness.

*Applicable law.* Section 506(b) of the Bankruptcy Code allows fully secured creditors to recover certain post-petition costs, including reasonable attorneys' fees and costs. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989). To recover these fees and costs, the creditor has the burden to establish that: (1) it is over secured in excess of the fees requested; (2) the parties' agreement provides for the fees; and (3) the fees requested are reasonable. *First Western Bank & Trust v. Drewes (In re Schriock Construction, Inc.)*, 104 F.3d 200, 201 (8th Cir. 1997)(citing *In re Foertsch*, 167 B.R. 555, 562 (Bankr. D.N.D. 1994)(cites therein omitted))(cited in *McGehee v. Cox (In re Griffin)*, 310 B.R. 610, 617 (B.A.P. 8th Cir. 2004); *In re Cushard*, 235 B.R. 902, 906 (Bankr. W.D. Mo. 1999)(creditor bears burden of proving reasonableness of fees sought under § 506(b)); *In re Kroh Bros. Development Co.*, 105 B.R. 515, 520 (Bankr. W.D. Mo. 1989)(creditor bears burden of proving reasonableness of the request).

The "touchstone" for determining the reasonableness of the fees is what the creditor would have spent if the creditor were paying rather than passing the fees and costs onto the debtor. *In re Smoots*, 230 B.R. 140, 143-44 (Bankr. D. Minn. 1996). Thus, the Court must consider whether the *actions* taken by the creditor were

In re Berwald Partnership
August 22, 2005
Page 4

reasonable and prudent under the circumstances and whether the itemized fees themselves are reasonable. *White v. Coors Distributing Co. (In re White)*, 260 B.R. 870, 880 (B.A.P. 8th Cir. 2001)(quoting therein *Cushard*, 235 B.R. at 906-07); *Kroh Bros.*, 105 B.R. at 521. Attorneys' fees incurred by a creditor are inherently unreasonable if they are "not cost-justifiable either by the economics of the situation or necessary in order to preserve the creditor's interest in light of the legal issues of the case." *Foertsch*, 167 B.R. at 562. Fees may be disallowed if the services rendered were not necessary or were the result of excessive caution or overzealous advocacy. *Kroh Bros.*, 105 B.R. at 521.

In light of the considerations discussed above, the court then applies the lodestar formula, *White*, 260 B.R. at 880, which is the number of hours reasonably expended by the attorney multiplied by a reasonable hourly rate. *P.A. Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728, 731.

> Because this lodestar amount presumably reflects (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained, these factors normally cannot serve as independent bases for increasing the fee award above the lodestar amount. See, e.g., *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986)(*Delaware I*); *Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S.Ct. 1541, 1548-1550, 79 L.Ed.2d 891 (1984). The Supreme Court, however, has stated that upward adjustments of the lodestar figure are permissible "in certain 'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts." *Delaware I*, 478 U.S. at 565, 106 S.Ct. at 3098.

*Apex Oil Co.*, 960 F.2d at 731-32. A reasonable hourly rate is considered to be the prevailing market rate in the community. *Forshee v. Waterloo Industries, Inc.*, 178 F.3d 527, 532 (8th Cir. 1999)(quoting therein *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

The reasonableness of a creditor's attorney's fees are determined as part of the claims process. *In re Alanis*, 316 B.R.

323, 325 (Bankr. W.D. Ark. 2004).

> If the fees and expenses were based on the creditors' right to collect the fees under the respective pre-petition mortgages or deeds of trust, the right to payment would be part of a pre-petition claim, even though the fees and charges were not incurred until after the debtors filed their respective bankruptcy petitions.

*Id.* Moreover, the creditor is not required to get pre-approval of its post-petition charges or fees before including them in its proof of claim. *Id.* If the debtor does not like the fees included in the claim, then he can file an objection to the claim. *Id.*

Section 506(b) does not specifically require a creditor to file an application in the format governed by Rule 2016(b). *Atwood v. Chase Manhattan Mortgage Co. (In re Atwood)*, 293 B.R. 227, 231 (B.A.P. 9th Cir. 2003). The format, though, is useful, and Rule 2016(b) can be read broad enough to include a request for costs and fees that are being included in a creditor's proof of claim under § 506(b). *Id.* at 231-32.

*Discussion.* Fin-Ag is seeking payment of its "reasonable fees, costs, or charges" as part of its allowed secured claim under § 506(b), not as an administrative expense against the estate under 11 U.S.C. § 503(b). Accordingly, Fin-Ag's Application is timely; it was not governed by the May 18, 2005, deadline. Further, Fin-Ag's use of an Application, akin to one filed under Rule 2016(b), was appropriate because it gave Debtor the itemization and opportunity to review that it had requested.

Accordingly, to the extent that Debtor has objected to the timeliness of Fin-Ag's request for "reasonable fees, costs, or charges" through the Application, that objection is overruled. Fin-Ag's August 12, 2005, Motion for Enlargement of Time to File Fin-Ag's Application for Compensation and/or Reimbursement for Costs, Expenses, and Attorney's Fees is moreover deemed moot. An appropriate order will be entered.

The issues regarding the reasonableness of Fin-Ag's requested fees, costs, or charges under § 506(b) as raised by Debtor's objection to Fin-Ag's proof of claim and by Fin-Ag's Application

In re Berwald Partnership
August 22, 2005
Page 6

will be discussed with counsel as scheduled on Tuesday, August 23, 2005. If an evidentiary hearing is needed, the date, time, and place for that hearing will be set during Tuesday's telephonic hearing.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC: case file (docket original; serve parties in interest)

**NOTICE OF ENTRY**
Under F.R.Bankr.P. 9022(a)
Entered

AUG 2 2 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

AUG 2 2 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

```
Label Matrix for USBC              Bruce V. Anderson                 Animal Medical Care
South Dakota                       PO Box 425                        1907 Highway 14 Bypass
Case 04-10273                      Wagner, SD 57380                  Brookings, SD 57006
Mon Aug 22 16:38:34 CDT 2005


Jennifer M. Berquist               Berwald Partnership               Richard L. Bolhouse
401 N. 3rd Street, Suite 590       19460 471st Avenue                Bolhouse Law Firm
Minneapolis, MN 55401              Toronto, SD 57268                 Grandville State Bank Building
                                                                     3996 Chicago Drive, SW
                                                                     Grandville, MI 49418


Brock Millan                       Creditors Bureau USA              Dakota Project, Inc.
25533 404th Avenue                 Attn: Rebecca Saucedo              1621 East 1st Ave.
Mitchell, SD 57301-5422            757 "L" Street                    Mitchell, SD 57301
                                   Fresno, CA 93721


Roger W. Damgaard                  Michael S. Dove                   Rick M. Entwistle
PO Box 5027                        PO Box 458                        PO Box 5027
Sioux Falls, SD 57117              New Ulm, MN 56073-0458            Sioux Falls, SD 57117-5027


Estelline Coop Grain               Eugene Beckman & Sons, Inc        Bruce J. Gering
Attn: Cory Freudenthal             PO Box 148                        Office of the U.S. Trustee
PO Box 160                         Brookings, SD 57006-0148          230 S Phillips Ave, Suite 502
Estelline, SD 57234                                                  Sioux Falls, SD 57104-6321


Clair R. Gerry                     Glacial Lakes Energy, LLC         Ronald J. Hall
PO Box 966                         Attn: Michael T. Nealon, Controller   202 S. Main Street #310
Sioux Falls, SD 57101-0966         P.O. Box 933                      Aberdeen, SD 57401
                                   Watertown, SD 57201


Robert E. Hayes                    Richard J. Helsper                Patrick W. Kiner
PO Box 1030                        100 22nd Ave., #200               PO Box 434
Sioux Falls, SD 57101-1030         Brookings, SD 57006               Mitchell, SD 57301


Laura L Kulm Ask                   Larson Engineering                Thomas P. Maher
Stuart, Gerry & Schlimgen, Prof LLC  ATTN: Donald L. Larson          Maher Law Office
PO Box 966                         102 S. Dakota Street              201 N. Euclid
Sioux Falls, SD 57101-0966         Milbank, South Dakota 57252       Pierre, SD 57501


Midwest Ag Supply                  John P. Mullen                    David L. Nadolski
PO Box 253                         Bangs, McCullen, Butler, Foye & Simmons   PO Box 1920
Watertown, SD 57201                100 N Phillips Ave Ste 610        Sioux Falls, SD 57101-3020
                                   PO Box 949
                                   Sioux Falls, SD 57101-0949


Chris A. Nipe                      Joseph Ashley Parr                Scott M. Perrenoud
PO Box 396                         PO Box 8250                       200 E 10th St Ste200
Mitchell, SD 57301                 Rapid City, SD 57709-8250         Sioux Falls, SD 57104
```

Terry N. Prendergast
PO Box 1728
Sioux Falls, SD 57101-1728

Ramsdell's Fertilizer & Propane, Inc.
1929 Hwy 14 By Pass
Brookings, SD 57006

Robert M. Ronayne
PO Box 759
Aberdeen, SD 57402-0759


William K. Sauck Jr.
PO Box 1030
Aberdeen, SD 57401-1030

Cheryl Schrempp DuPris
Assistant U.S. Attorney
225 South Pierre Street #337
Pierre, SD 57501

Seed 2000, Inc.
ATTN: Greg Watterud
PO Box 200
Breckenridge, Minnesota 56520


Jason W. Shanks
May & Johnson, P.C.
PO Box 88738
Sioux Falls, SD 57109-8738

C. Thomas Wilson
PO Box 458
New Ulm, MN 56073-0458

Sara N. Wilson
PO Box 458
New Ulm, MN 56073-0458